*Memorion, O*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　- v. -<br><br>$35,100,000 IN UNITED STATES CURRENCY<br>ON DEPOSIT IN ACCOUNT NUMBER 581186 IN<br>THE NAME OF EKC GRANTOR TRUSTS 2000<br>AT AMARILLO NATIONAL BANK; and<br><br>$3,900,000 IN UNITED STATES CURRENCY ON<br>DEPOSIT IN ACCOUNT NUMBER 581178 IN<br>THE NAME OF WUG GRANTOR TRUSTS 2000<br>AT AMARILLO NATIONAL BANK;<br><br>and all property traceable thereto,<br><br>　　　　　Defendants *In Rem.*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5\|10\|10<br><br>STIPULATION AND ORDER<br>OF SETTLEMENT<br><br>10 Civ. 3743 (CM) |

　　　　WHEREAS, on May 6, 2010, the United States of America (the "Government") filed a Verified Complaint and Warrant *In Rem* against the above-captioned Defendants *in Rem*, on the ground that the Defendants *in Rem* are subject to forfeiture to the United States as substitute *res* for properties owned or controlled, directly or indirectly by William L. Graham ("Graham"), Edwin L. Cox, Jr. ("Cox"), WUG Grantor Trusts 2000 ("WUGGT 2000"), EKC Grantor Trusts 2000 ("EKCGT 2000") and/or entities they control or in which they have an ownership or beneficial interest that the United States is authorized to forfeit (a) under Title 18, United States Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, and as property traceable to such property and (b) under Title 18, United States Code, Section 981(a)(1)(C) as property which constitutes and is derived from proceeds traceable to fraud in the sale of securities, in violation of 15 U.S.C. §§

78ff and 78j(b), wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit these offenses (which properties, collectively, are the "Contested Properties");

WHEREAS, in the Verified Complaint the Government alleges that the Contested Properties are derived from proceeds traceable to offenses that were part of a general scheme to defraud banks, counterparties, customers, auditors, and investors of Refco[1] (the "Unlawful Activity");

WHEREAS, in the Verified Complaint, the Government alleges that the Contested Properties are traceable to the following transfers of $39 million in proceeds of the Unlawful Activity (hereinafter, the "Initial Alleged Transfers"):

    a. On or about September 1, 2004, $10 million of LBO proceeds were transferred into J.P. Morgan Chase Bank account number ▉▉▉▉4993;

    b. On or about September 1, 2004, another $15 million of LBO proceeds were transferred into J.P. Morgan Chase Bank account number ▉▉▉▉4993;

    c. On or about June 14, 2005, $14 million in LBO proceeds were transferred into account number ▉5740 at Amarillo National Bank, in the name of "MLC First Cayman Limited;"

WHEREAS, WUGGT 2000 and EKCGT 2000, the account holders of the accounts in which the Defendants *in Rem* are deposited, are trusts with both United States Virgin Island ("USVI") and United States situs created under separate written declarations of trust, each dated November 17, 2000;

---

[1] In this Stipulation and Order, "Refco" refers to Refco, Inc. and its predecessor entities, together with its direct and indirect subsidiaries.

2

WHEREAS Graham is the grantor of WUGGT 2000 and of EKCGT 2000 and Cox is a beneficiary of EKCGT 2000;

WHEREAS, WUGGT 2000, EKCGT 2000, Cox, and Graham assert that the entity receiving the Initial Alleged Transfers was MLC First Cayman, LLC, a USVI LLC ("MLCFC-LLC") and that MLCFC-LLC was the successor-in-interest to MLC First Cayman, Ltd., a Bahamian corporation ("MLCFC-Ltd."), and that MLCFC-Ltd., as of the date of the Initial Alleged Transfers, was owned by Investment Security Services, LLLP, an USVI limited liability limited partnership ("ISS-LLLP");

WHEREAS WUGGT 2000, EKCGT 2000, Cox, and Graham vigorously contest the Government's asserted claims to the Contested Properties and, moreover, assert that: (i) MLCFC-Ltd. and its shareholders, officers, directors, employees, agents, and assigns and successors-in-interest (including but not limited to MLCFC-LLC, ISS-LLLP, EKCGT 2000, and WUGGT 2000 and any and all trustees, grantors and beneficiaries of such trusts) had no involvement in, knowledge of, or participation in the Unlawful Activity or any other criminal or unlawful activity occurring at Refco and (ii) MLCFC-Ltd. and its assigns, distributees and successors-in-interest (including but not limited to MLCFC-LLC, ISS-LLLP, EKCGT 2000 and WUGGT 2000 and their distributees and assigns) were "innocent owners" of the transfers at all times relevant hereto;

WHEREAS, EKCGT 2000, WUGGT 2000, Cox, and Graham understand that the Government seeks to forfeit the Contested Properties, and that the United States Attorney's Office for the Southern District of New York will request that such forfeited properties be made available to innocent victims of the Refco fraud to compensate their losses;

WHEREAS, EKCGT 2000, WUGGT 2000, Cox, and Graham and the Government wish to resolve this matter and the Government's claims to the Contested Properties without resorting to further litigation;

WHEREAS, EKCGT 2000, WUGGT 2000, Cox, and Graham expressly reserve their right to file amended income tax returns, and to cause amended income tax returns to be filed for MLCFC-LLC, MLCFC-Ltd. and ISS-LLLP, to seek any refunds or adjustments to which they may be entitled as a result of the forfeitures of the Defendants *in Rem*, and to argue that any forfeitures under this Stipulation and Settlement are deductible losses or expenses;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by United States Attorney Preet Bharara, Assistant United States Attorney Jeffrey Alberts of counsel, and EKCGT 2000, WUGGT 2000, Cox, and Graham that:

1. EKCGT 2000 represents that it is the sole owner of $35,100,000 in United States currency on deposit in account number 581186 in the name of EKC Grantor Trusts 2000 at Amarillo National Bank, which is a Defendant *in Rem* identified in the Verified Complaint and agrees to forfeit these funds to the United States in settlement of the claims in the Verified Complaint. WUGGT 2000 represents that it is the sole owner of $3,900,000 in United States currency on deposit in account number 581178 in the name of WUG Grantor Trusts 2000 at Amarillo National Bank, which is a Defendant *in Rem* identified in the Verified Complaint, and agrees to forfeit these funds to the United States in settlement of the claims in the Verified Complaint.

4

2.      EKCGT 2000 and WUGGT 2000 represent that they will wire the Defendants *in Rem*, not to exceed the amounts described in paragraph 1 within 10 days of the date of this Stipulation and Order to the following account of the United States Marshals Service ("USMS"):

>       ABA# 021030004
>       ALC# 00008154
>       US Marshals Service
>       c/o Federal Reserve Bank of NY
>       33 Liberty Street

3.      EKCGT 2000, WUGGT 2000, Cox, and Graham agree not to file, or cause any other individual or entity to file, any claim to the Defendants *in Rem* identified in the Verified Complaint or to in any other way interfere with or delay the forfeiture of the Defendants *in Rem*.

4.      By reason of the agreements in paragraphs 1 and 2 above, the Government, EKCGT 2000 and WUGGT 2000, Cox, and Graham hereby fully and finally compromise, settle, and dispose of (i) any and all civil forfeiture and/or civil money laundering claims or causes of action that the United States may have or may claim to have against Cox, Graham, EKCGT 2000, WUGGT 2000, MLCFC-Ltd., MLCFC-LLC, and ISS-LLLP in connection with Refco (including any receipt of money and any transfers of any money received, whether directly or indirectly) (collectively, the "Covered Conduct"), and (ii) any and all claims, causes of action and/or affirmative defenses or counterclaims that EKCGT 2000, WUGGT 2000, Cox, and Graham may have or may claim to have against the Government relating to Covered Conduct ((i) and (ii) collectively are the "Settled Claims"). The Government further agrees that it will not assert any forfeiture and/or civil money laundering claims or causes of action against

5

any person who, or entity which, received funds, property, or other assets, directly or indirectly from Cox, Graham, MLCFC-Ltd., ISS-LLLP, EKCGT 2000, WUGGT 2000, on the grounds that such funds, property, or other assets are traceable to Covered Conduct.

5. EKCGT 2000, WUGGT 2000, Cox, and Graham are hereby barred from asserting any claim against the United States of America, the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the USMS, the United States Postal Inspection Service ("USPIS"), or agents and employees of the United States of America, the DOJ, the SDNY-USAO, the USMS, and the USPIS, and from assisting others in asserting any such claim, in connection with the Settled Claims, including but not limited to any claim for costs or attorney's fees, except that EKCGT 2000, WUGGT 2000, Cox, and Graham specifically reserve all rights to file amended income tax returns and seek any refunds to which they may be entitled on account of the forfeitures made under the terms of this Stipulation and Order and that EKCGT 2000, WUGGT 2000, Cox, and Graham reserve the right to cause MLCFC-Ltd., MLCFC-LLC and ISS-LLLP to file amended returns and seek any refunds or adjustments to which they may be entitled on account of the forfeitures under the terms of this Stipulation and Order. This Stipulation and Order is made without prejudice as to whether the non-governmental parties hereto received the Contested Properties under a claim of right.

6. The Parties agree and acknowledge that the forfeitures or any activities or obligations contained within or performed pursuant to this Stipulation and Order are part of the settlement of disputes and uncertain claims and demands, and that forfeitures or performance pursuant to this Stipulation and Order in no way constitutes or should be interpreted as an admission of liability by any Party, is not on account of any prior obligation of any of the Parties

and may not be used as evidence or as an admission of liability by any Party. Notwithstanding any other provision of the Stipulation and Order, the forfeitures do not constitute a fine or penalty and are not punitive damages.

7. This Stipulation and Order constitutes the entire agreement among the Parties and supersedes any and all prior agreements, negotiations, representations and understandings, whether oral or written, between the Parties. This Stipulation and Order may not be changed, amended or modified except in a writing signed by each of the Parties or their counsel.

8. This Stipulation and Order shall be binding upon, and inure to the benefit of all Parties, and their successors, heirs and assigns.

9. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all Parties. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

    10.    Each party shall bear its own costs and attorney fees.

New York, New York

PREET BHARARA
United States Attorney
Southern District of New York

BY: _____  Date: 5/6/2010
     JEFFREY ALBERTS
     Assistant United States Attorney
     One Saint Andrew's Plaza
     New York, New York 10007
     (212) 637-1038
     *Attorney for Plaintiff*
     *United States of America*

8

_____  Date: 5/6/10
EDWIN L. COX, JR.

EKC GRANTOR TRUSTS 2000,
    BY TRUSTEE LEEWARD ISLANDS TRUST COMPANY (VI), LLC

_____  Date: _____
TERRY KRUEGER
*President, Leeward Islands Trust Company (VI), LLC*

_____  Date: _____
WILLIAM L. GRAHAM

WUG GRANTOR TRUSTS 2000
    BY TRUSTEE LEEWARD ISLANDS TRUST COMPANY (VI), LLC

_____  Date: _____
TERRY KRUEGER
*President, Leeward Islands Trust Company (VI), LLC*

APPROVED:

_____  Date: _____
STEVEN G. KOBRE, Esq.
*Counsel for Edwin L. Cox, Jr. and
EKC Grantor Trusts 2000*

_____  Date: _____
MARC A. WEINSTEIN, Esq.
*Counsel for William L. Graham and
WUG Grantor Trusts 2000*

_____  Date: _____
EDWIN L. COX, JR.


EKC GRANTOR TRUSTS 2000,
    BY TRUSTEE LEEWARD ISLANDS TRUST COMPANY (VI), LLC

_[signature]_    Date: 05.06.10
TERRY KRUEGER
*President, Leeward Islands Trust Company (VI), LLC*

_[signature]_    Date: 5/6/2010
WILLIAM L. GRAHAM


WUG GRANTOR TRUSTS 2000
    BY TRUSTEE LEEWARD ISLANDS TRUST COMPANY (VI), LLC

_[signature]_    Date: 05.06.10
TERRY KRUEGER
*President, Leeward Islands Trust Company (VI), LLC*


APPROVED:


_____  Date: _____
STEVEN G. KOBRE, Esq.
*Counsel for Edwin L. Cox, Jr. and
EKC Grantor Trusts 2000*

_[signature]_    Date: 5/6/10
MARC A. WEINSTEIN, Esq.
*Counsel for William L. Graham and
WUG Grantor Trusts 2000*

9

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Date: 5/10/2010